IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN DARON ELEY, #299-564       :

    Petitioner       :

       v.       :       Civil Action No. RDB-06-1831

NANCY ROUSE, WARDEN, et al.       :

    Respondents       ..o0o..

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Steven Daron Eley's *pro se* 28 U.S.C. § 2254 Motion for Habeas Corpus relief, challenging his 2001 conviction and sentence in the Circuit Court for Prince George's County for robbery with a deadly weapon. Counsel for Respondents Nancy Rouse, Warden of the Maryland Correctional Institution-Hagerstown, and J. Joseph Curran, Jr,. Attorney General of Maryland, has filed a Response asserting the Petition is untimely.[1] Petitioner has filed a Reply in opposition.

Upon review of the pleadings, the Court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* Upon review of the record, the Court concludes the petition is time-barred, and will dismiss it by separate Order.

**I. Background**

On August 31, 2000, Eley pled guilty in the Circuit Court for Prince George's County to robbery with a deadly weapon. Respondents' Exhibit 1 at 7. On January 29, 2001, the Circuit

---

[1] Pursuant to *Hill v. Braxton*, 277 F. 3d 701, 707 (4th Cir. 2002), the Court notified Petitioner that the Motion appeared to be time-barred and granted him an opportunity to explain why the Petition was timely or why principles of equitable tolling should apply. (Paper No. 6)

Court sentenced him to a prison term of fifteen years. *See id.* at 8; Petition at 1. Eley's Application for Leave to Appeal the entry of his plea was summarily denied by the Court of Special Appeals of Maryland by unreported opinion filed on July 13, 2001, and the mandate issued on August 13, 2001. Respondents' Exhibit 2. Eley's direct appeal became final on August 13, 2001. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302 (2002 Repl. Vol.); *Cianos v. State*, 338 Md. 406, 407 (1995) (order granting or denying application for leave to appeal from guilty plea is not reviewable by Court of Appeals by way of certiorari).

Eley, proceeding *pro se*, initiated post-conviction proceedings in the Circuit Court for Prince George's County on September 19, 2001. Respondents' Exhibit 1 at 10. Eley, then represented by counsel, withdrew the Petition without prejudice on October 8, 2002.[2] *See id.* On June 4, 2003, Eley again filed a petition for post-conviction relief which he supplemented on November 29, 2004. *See id.* at 11-12.

The Circuit Court for Prince George's County conducted a hearing on the Petition on August 15, 2005, and by Order entered on August 17, 2005, denied post-conviction relief. *See id.* at 13. The Court of Special Appeals of Maryland summarily denied Eley's Application for Leave to Appeal the Post Conviction Court's ruling by unreported opinion filed on December 23, 2005. Respondents' Exhibit 4. The mandate issued on January 30, 2006. *See id.*

The instant petition was received in the Clerk's Office on July 19, 2006. It is dated as signed on July 15, 2006, and the Court will assume for the purposes of this decision that it was delivered

---

[2] One of the issues raised on collateral review was ineffective assistance of counsel at the plea. Petitioner's post-conviction counsel, Assistant Public Defender Lindsay Waite moved for either a continuance or to withdraw the first Petition without prejudice because Eley's counsel during plea proceedings was unavailable, and needed case files had been misplaced. Respondents' Exhibit 3, Post Conviction Transcript at 3.

to prison officials and filed in this Court on the earlier date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

## II  Discussion

### A. Period of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital state convictions. *See* 28 U.S.C. § 2244(d). [3] This one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

Under the circumstances presented here, the one-year period of limitations began running

---

[3]This section provides:

>    (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

on August 14, 2001.  There were no properly filed state post-conviction proceedings pending between

August 14, 2001 through September 18, 2001 (36 days);  October 9, 2002 through June 3, 2003 (238 days); and January 31, 2006, through July 14, 2006 (165 days).  This combined period, 439 days, exceeds the one-year limitations period at 28 U.S.C. § 2244(d).  Consequently,  Eley's federal petition was filed outside the period of limitations.

### B. Equitable Tolling

Equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris* 209 F.3d at 330.  Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The petition does not satisfy this standard.

Eley attributes his delay in filing to the inaction of his post-conviction counsel, Lindsay Waite, an attorney in the Public Defender Collateral Review Division.  According to Eley, after he withdrew his first post-conviction petition, he was informed by the Circuit Court for Prince George's County that his counsel would assist him in obtaining transcripts to refile the petition.  Reply at 1. Eley states that:

> For the next 6 1/2 months , I wrote to Ms. Lindsay Waite about eight times expressing to her the urgency that I need to have my transcripts and my petition refiled, but every letter that I had written to Ms. Waite went unreturned &  no petition was filed.  After being ignored by Ms. Lindsay Waite for 8 months, I next did 2 things.  First I filed my Petition for Post Conviction myself without the assistance of Ms. Lindsay Waite.  This was against the orders of Judge Sothoron but I did it anyway because I was running out of time and patience with Ms. Lindsay

>    Waite. This was filed on 6-3-03. My next move was to report Ms. Lindsay Waite's
>    horrible performance to her supervisor, Chief Attorney Scott Whitney.

*Id*. at 2.[4]

Eley's reference to Judge Sothoron, the Circuit Court Judge who granted his motion to withdraw the first petition without prejudice, was based on the following exchange:

> THE COURT: I know that you have been in touch with Miss Waite, and I know of course that you're here today because you filed a petition pro se. You understand that Miss Waite is assisting you, and will continue to assist you in terms of fine tuning any petition that may have been filed or the petition that might be filed with additional grounds. Do you understand that?"
>
> THE DEFENDANT: Yes, sir, I do.
>
> THE COURT:  Make sure you continue to communicate with her so that all the issues that you wish to raise are indeed raised. Do you understand that?
>
> ** ** ** ** ** ** ** ** ** ** ** ** ** ** **
>
> THE COURT:  Okay. The case is dismissed without prejudice obviously with the sense that Mr. Eley with Miss Waite's assistance will be able to re-file the petition.

Reply, Attachment Post Conviction Transcript.

The Court is mindful that Petitioner is a *pro se* litigant, and has accorded his pleadings liberal interpretation in accordance with *Haines v. Kerner* 404 U.S. 519, 520 (1972). Petitioner, however, fails to proffer a basis for equitable tolling. First, to the extent Eley suggests he was provided ineffective representation and blames his filing delay on his post-conviction counsel, his argument is without merit. There is no constitutional right to counsel on collateral review. *See Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *Rouse,* 501 U.S. at 752 (holding there can only be ineffective assistance of counsel where there is a constitutional right to counsel); 28 U.S.C. § 2254 (i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-

---

[4] Eley later wrote a letter expressing his dissatisfaction with the representation provided by his Assistant Public Defender, and learned that she had left the Public Defender's Office. Reply, Attachment, letter dated July 7, 2004.

conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254). Neither attorney error nor ineffective assistance of counsel constitutes an extraordinary circumstance which justifies a court's invocation of equitable tolling. *See Rouse*, 339 F.3d at 248-49.  For this reason, Eley may not excuse his delay based on effective assistance of his post-conviction counsel.

Further, Eley indicates that he was aware of the time restraints applicable to a habeas petition. Reply at 2.  He does not allege that Respondents impeded his efforts to file a timely petition.  Instead, he interprets the comments of Judge Sothoron to prohibit refiling the petition without counsel.  The transcript of that exchange does not support Eley's interpretation.  In any event, although Petitioner may not have not understood that he could refile his petition *pro se*, this does not amount to an extraordinary circumstance warranting equitable tolling. *See Harris*, 209 F.3d at 330 (citing *Barrow v. New Orleans S.S. Ass'n*, 51 F.3d 254, 257 (Fed Cir. 1995) (refusing to apply equitable tolling where the delay in filing was result of litigant's unfamiliarity with the legal process)).

**III.  Conclusion**

Eley fails to satisfy his burden to demonstrate that equitable tolling is warranted or the petition is otherwise timely.  He has neither demonstrated that extraordinary circumstances nor wrongful conduct by Respondents caused him to file outside the limitations period.  Accordingly, the Court will dismiss the Petition as untimely. A separate Order consistent with this Memorandum Opinion follows.

October 31, 2006  /s/
Date  RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE